UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

WADE RYAN REEVES,               )
                                )
         Plaintiff,             )
                                )
v.                              )     Case No. 26-CV-0044-CVE-SH
                                )
ALISHA MAY GREGORIO,            )
                                )
         Defendant.             )

## OPINION AND ORDER

Now before the Court is defendant's Motion to Dismiss for Insufficient Service of Process (Dkt. # 7). Defendant Alisha May Gregorio asks the Court to dismiss the case for improper service of process, because the process server merely left documents on her porch and failed to personally deliver the documents to her. Dkt. # 7. Defendant's version of events is supported by plaintiff's certificate of service (Dkt. # 6), in which he attaches the process server's account of her unsuccessful attempt to personally serve defendant. At a minimum, service of process should be quashed and plaintiff would be given another opportunity to serve defendant. However, the Court has reviewed plaintiff's complaint (Dkt. # 2) and the documents attached to the complaint, and it appears that the Court lacks subject matter jurisdiction over this case.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff

properly to allege the jurisdictional facts, according to the nature of the case"); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction"). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

This case arises out of an ongoing dispute over plaintiff's non-payment of child support ordered by the state courts of California. The Superior Court of California, County of Stanislaus, entered a divorce decree on August 16, 2018 for the marriage of Alisha May Reeves and Wade Ryan Reeves. Dkt. # 2, at 7-9. In August 2021, Alisha Reeves (now Alisha Gregorio) filed a petition seeking to compel Wade Reeves to pay outstanding child support, and a hearing on the matter was set for May 19, 2022 after multiple continuances of the initial hearing. Id. at 16, 18. Wade Reeves was present in person or by electronic means at all court hearings. On May 19, 2022, Alisha Gregorio and Wade Reeves appeared in person for a hearing to resolve Wade Reeves' outstanding child support obligations, and all parties were represented by counsel. Id. at 20. The court determined that Wade Reeves was obligated to pay $7,000 per month in child support, plus outstanding child support in the amount of $40,000 and attorney fees of $30,000. Id. at 24-25. Wade Reeves filed this case asking the Court to determine that he was denied procedural process in the state courts of California, and he asks the Court to set aside the order compelling payment of overdue child support and modifying his future child support obligations.

Article III of the United States Constitution limits federal courts to the adjudication of cases or controversies. U.S. CONST. art. III, § 2, cl. 1. "The standing inquiry ensures that a plaintiff has a sufficient personal stake in a dispute to ensure the existence of a live case or controversy which renders judicial resolution appropriate." Tandy v. City of Wichita, 380 F.3d 1277, 1283 (10th Cir. 2004). "Article III standing requires a litigant to show: (1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury can likely be redressed by a favorable decision." Kane Cnty. v. United States (Kane III), 928 F.3d 877, 888 (10th Cir. 2019). The standing requirement ensures that "the legal questions presented to the court will be resolved, not in the rarified atmosphere of a debating society, but in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action." Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982). The primary focus for any analysis of standing under Article III "is whether plaintiff has suffered a present or imminent injury, as opposed to a mere possibility, or even probability, of future injury." Morgan v. McCotter, 365 F.3d 882, 888 (10th Cir. 2004). Further, while "[t]he plaintiff must show that a favorable judgment will relieve a discrete injury, [] it need not relieve his or her every injury." Nova Health Sys. v. Gandy, 416 F.3d 1149, 1158 (10th Cir. 2005). The party invoking the jurisdiction of a federal court has the burden to establish Article III standing. New England Health Care Emps. Pension Fund v. Woodruff, 512 F.3d 1283, 1288 (10th Cir. 2008).

Plaintiff seeks a declaratory judgment that he was denied procedural due process, and he asks the Court to set aside the award of child support against him as void for lack of jurisdiction. Dkt. # 2, at 5-6. The Court has reviewed plaintiff's complaint and the documents attached to the

complaint, and it appears that plaintiff may not have standing to prosecute his claims against Alisha Gregorio. In particular, it does not appear that plaintiff's alleged injury, the denial of due process, is fairly traceable to Gregorio. A plaintiff is required to show that his injury is fairly traceable to the actions of the defendant. Bronson v. Swensen, 500 F.3d 1099, 1109 (10th Cir. 2007). Article III of the Constitution requires at least a showing of a substantial likelihood that the defendant's conduct caused the plaintiff's injury, but this standard is not as demanding as the concept of proximate cause used to establish tort liability. Utah Physicians for a Healthy Environment v. Diesel Power Gear, LLC, 21 F.4th 1229, 1242 (10th Cir. 2021). Causation may be lacking if the plaintiff's injury was the result of "'the independent action of some third party not before the court' - rather than that of the defendant . . . ." Habecker v. Town of Estes Park, Colorado, 518 F.3d 1217, 1225(10th Cir. 2008) (the actions of the electorate, rather than the named defendants, caused plaintiff to lose his job as a town trustee and he lacked standing to prosecute his claims).

Plaintiff claims that he was denied procedural due process in proceedings to order the payment of outstanding child support, but he has not alleged any facts even suggesting that defendant's actions caused his alleged injury. The Court notes that plaintiff was personally present at every hearing referenced in his complaint, and he was represented by counsel at the final hearing resulting in the entry of judgment against him for the non-payment of past child support and modification of his future child support obligation. Plaintiff has made no plausible allegations explaining how he was denied procedural process or, even if there were a procedural due process issue, how defendant's conduct contributed to any violation of his right to procedural due process. At most, plaintiff could be complaining that the presiding judge or state courts of California denied him procedural due process, but they are not parties to this proceeding. The alleged misconduct of

third parties cannot be used to establish that plaintiff has standing to sue a separate defendant to redress his injury, especially when there is no obvious relationship between the third party and the named defendant.  In this case, defendant was merely a party in proceedings to determine plaintiff's child support obligation, and the mere fact that defendant sought relief in the state courts of California does not tend to show that she caused any violation of plaintiff's right to due process.  Plaintiff's remedy to challenge the alleged lack of procedural due process was an appeal or post-judgment motion in California state court, not a separate proceeding seeking to hold his ex-wife accountable for the alleged violation of his right to procedural due process.

The Court finds that plaintiff lacks standing to prosecute his procedural due process claim against his ex-wife, because he has not made a colorable allegation that she engaged in any conduct tending to cause the alleged injury.  The Court will assume that plaintiff has adequately alleged an injury in fact for violation of his right to procedural due process but, even if such an injury occurred, he has not made any plausible allegations suggesting that his ex-wife caused this injury.  Plaintiff is plainly unsatisfied with the outcome of the proceedings in state court, but this Court is not an appropriate forum to litigate a claim for the an alleged due process violation that occurred in the state courts of California.  The Court also notes there are other potential issues that bar him from litigating his claims, such as the Rooker-Feldman doctrine and the statute of limitations, but the Court need not reach those issues in this opinion and order.  Plaintiff's procedural due process claim is dismissed without prejudice for lack of subject matter jurisdiction.  The Court notes that this is the fourth pro se lawsuit that plaintiff has filed in this district related to the proceedings in California state court and his ex-wife's efforts to register that judgment in the courts of Oklahoma.  Two prior cases have been dismissed, and motions to dismiss are pending in a third case.  See Wade Reeves

v. Stanisluas County Superior Court et al., 24-CV-027-GKF-SH, Dkt. # 40 (N.D. Okla. Apr. 4, 2024) (dismissing case for improper venue when all defendants named in the complaint were located in California); Wade Reeves v. April Siebert et al., 24-CV-431-SEH-SH, Dkt. # 46 (N.D. Okla. Jan. 13, 2025) (dismissing plaintiff's voluminous pro se complaint for violating Fed. R. Civ. P. 8). Plaintiff is advised that continuing to file baseless lawsuits in this district concerning his child support obligations ordered by a California state court could subject him to filing restrictions.

**IT IS THEREFORE ORDERED** that this case is dismissed without prejudice for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that defendant's Motion to Dismiss for Insufficient Service of Process (Dkt. # 7) is **moot**.

**DATED** this 5th day of March, 2026.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE